FILED
JAN 18 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENNIS ANDREW BALL, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-2667 (UNA)
)
JOHN DOES I-X, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

In a prior Order, the Court granted plaintiff's motion to proceed *in forma pauperis* and ordered plaintiff to supply the actual names and addresses for defendants John Does 1-X, Jane Does 1-X, ABC Corporations 1-X and ABC Partnerships 1-X. Now before the Court is plaintiff's "Notice of Errata Consistent with the Court's Order Dated December 3rd 2018," which is construed as an amended complaint (ECF No. 4, "Am. Compl."). Plaintiff deems these defendants "fictitious names to designate unknown parties" who may have caused him harm, Am. Compl. ¶¶ 10-11, with respect to the administration of a trust of which plaintiff was the beneficiary, *see id.* ¶¶ 7-9.

The Court notes that plaintiff filed a practically identical complaint in this district in 2017, which was transferred to the United States District Court for the District of Arizona. *See* Order, *Ball v. County of Maricopa*, No. 17-cv-0018 (D.D.C. Mar. 27, 2017). The District of Arizona dismissed the complaint with prejudice under 28 U.S.C. § 1915(e)(2), noting that it was "just the latest in a long string of cases Plaintiff has filed in [the District of Arizona], most of which [arose] out of the alleged improper administration of his mother's estate." Order, *Ball v. County of Maricopa*, No. 2:17-cv-0943 (D. Ariz. May 8, 2017), at 2.

This plaintiff has had ample opportunity to raise the claims he brings in this case. Because "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction," *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted), the Court concludes that plaintiff's claims are barred, *see Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002). To the extent plaintiff seeks review the District of Arizona's rulings, his request is denied. No federal district court has the authority to review the decision of another federal district court. *See, e.g., Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) (per curiam) ("[T]his court has concluded that one district court does not have jurisdiction to review the decisions of another district court or federal appellate court . . . or to take disciplinary action against other federal judges . . . ."); *Jones v. Supreme Court of the United States*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam) ("The district court properly held that it lacked jurisdiction to review decisions of the United States Supreme Court, . . . federal appellate courts, . . . or other district courts[.]").

The Court will dismiss the complaint and this civil action. An Order is issued separately.

DATE: January 17, 2019

_____
United States District Judge